```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CV-975 LKK/KJM |
| Plaintiff, | |
| v. | JOINT STATUS REPORT AND STIPULATION FOR STAY AND ORDER THEREON |
| REAL PROPERTY LOCATED AT 1066 EATON ROAD, CHICO, CALIFORNIA, BUTTE COUNTY, APN: 007-250-088, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | DATE: September 17, 2007<br>TIME: 10:30 A.M.<br>COURTROOM: #4/Chambers |
| Defendant. | |

Plaintiff United States of America, claimant Peter Buchanan, and claimant Kurt and Monica Karst, individually and as the trustees of the Karst Family Revocable Trust, submit the following Status Report pursuant to the Court's June 28, 2007, order. Plaintiff solicited input from claimants James and Tamara Robertsons' attorney but received no response. Plaintiff assumes those claimants will submit a separate report as authorized in the June 28, 2007, order.

(a) **Parties**: The plaintiff is the United States of America. Claimants James and Tamara Robertson own the defendant

1

1 property.  Claimants Peter Buchanan and claimants Kurt and Monica
2 Karst Family Revocable Trust are the beneficiaries of a
3 promissory note secured by a deed of trust recorded against the
4 defendant property.

5     (b) **Summary of Facts and Legal Theories**:

6     The United States alleges this property is subject to
7 forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7)
8 because it was used to facilitate a felony violation of 21 U.S.C.
9 § 841.  Specifically, on March 29, 2007, deputies from the Butte
10 County Sheriff's Department conducted a consensual search of the
11 defendant property.  Claimant James Robertson contends that his
12 consent to the search was not given voluntarily.  Nevertheless,
13 during the search officers found evidence of an active indoor
14 marijuana growing operation with approximately 100 plants under
15 cultivation.  Deputies also found 3.5 pounds of processed
16 marijuana, a digital scale, and packaging material.

17     (c) **Service of Process**:

18     The owners of the defendant property, Tamara and James
19 Robertson, have been served with the Complaint for Forfeiture <u>In</u>
20 <u>Rem</u>, Notice of Complaint, Application and Order for Publication,
21 <u>Lis</u> <u>Pendens</u>, and Court Notices.  The Robertsons filed a Claim to
22 the property on July 31, 2007, but have not yet filed their
23 Answers to the Complaint for Forfeiture <u>In</u> <u>Rem</u>.  The Answers are
24 now overdue.

25     All lienholders have been served.  Claimant Buchanan filed
26 his Claim on June 27, 2007, and filed his Answer to the Complaint
27 on July 13, 2007.  Claimants Kurst and Monica Karst filed their
28 claim, individually and as Trustees for the Kurst and Monica

1 Karst Family Revocable Trust, on June 27, 2007, and filed their
2 Answer on July 12, 2007.
3   On June 28, 2007, the U.S. Marshal posted the Notice of
4 Complaint and the Complaint on the real property.
5   Accordingly, service is complete.
6   In addition, notice of the forfeiture was published five
7 times in the Chico Enterprise-Record/Oroville Mercury-Register by
8 the U.S. Marshal.  Proof of Publication was filed on August 13,
9 2007.
10   (d)  **Possible Joinder of Additional Parties**:
11   None contemplated.
12   (e)  **Any Expected or Desired Amendment of Pleadings**:
13   None.
14   (f)  **Jurisdiction and Venue**:
15   The Court has jurisdiction in this matter pursuant to 28
16 U.S.C. §§ 1345, 1355.  Venue is proper in this district pursuant
17 to 28 U.S.C. § 1395(b) because the real property that is subject
18 to forfeiture is located in this district.
19   (g)  **Anticipated Motions with Suggested Law and Motion Dates**:
20
21   Although plaintiff anticipates that claimant Robertson will
22 file a motion challenging the voluntariness of the consent
23 search, the parties request that this case not be scheduled at
24 this time because they are requesting a stay of further
25 proceedings for six months as explained in the following
26 paragraph.  This Court has already ordered that further
27 proceedings in a related case, <u>United States v. Real Property</u>
28 <u>Located at 6874 Almanor Lakes Estates Drive</u>, 2:07-CV-00974

1 LKK/KJM, be stayed for six months because of an on-going related
2 criminal investigation, and the parties in the other related case
3 (<u>United States v. 3077 Nord Avenue</u>, 2:07-1039 LKK) will be asking
4 this Court for a similar stay.

5 (h) **Anticipated Discovery And The Scheduling Thereof**:

6 Pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) the parties
7 suggest that a stay of further proceedings in this case is
8 necessary.  The United States contends that the defendant real
9 property was used to facilitate a violation of federal drug laws
10 (cultivation of marijuana) and is therefore forfeitable to the
11 United States.  The United States intends to depose the claimants
12 James and Tamara Roberts about the claim they filed in this case
13 and the facts surrounding the cultivation of marijuana plants on
14 this property.  If discovery proceeds, claimants would be placed
15 in the difficult position of either invoking their Fifth
16 Amendment right against self-incrimination and losing the ability
17 to protect their claimed interest in the defendant property, or
18 waiving his Fifth Amendment rights and submitting to depositions
19 and potentially incriminating themselves in the pending criminal
20 matter.  If claimants invoke their Fifth Amendment rights, the
21 United States will be deprived of the ability to explore the
22 factual basis for the claims they filed in this action and any
23 defenses they may raise in their Answer.

24 In addition, the United States contends that
25 claimants/lienholders Buchanan and the Karsts were involved with
26 the Robertsons in the marijuana operation, or at a minimum, knew
27 that the Robertsons were growing marijuana.  Accordingly, the
28 United States intends to depose the claimants/lienholders.  They

4

have the same Fifth Amendment concerns as the Robertsons.

In addition, all claimants intend to depose law enforcement officers who were involved in the investigation that led to the search at the defendant property.  Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal investigation.

Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the investigation and possible prosecution of the related-criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties request that this matter be stayed for a period of six months.  At that time the parties will advise the Court whether a further stay is necessary.

(i) **Further Proceedings, Suggested Case Schedule**:

The parties request that the case not be scheduled at this time.

(j) **Special Proceedings**:

None.

(k) **Demand For Jury Trial**:

Claimants James and Tamara Robertson's Answer is overdue and to date no demand for a jury trial has been made.  The claimants/lienholders have made a timely demand for a jury trial.

(l) **Estimate of Trial Time**:

No more than 4 court days.

(m) **Modification of Standard Pretrial Procedures**:

None.

(n) **Related Matters**:

The following cases are related:

1. <u>United States v. Real Property Located at 6874 Almanor Lakes Estates Drive</u>, 2:07-974 LKK/KJM.
2. <u>United States v. 3077 Nord Avenue</u>, 2:07-1039 LKK/KJM.

A Notice of Related Cases was filed on June 15, 2007, and all cases are assigned to this Court.

(o) **Settlement Judge**:

The government requests that another judge be assigned as the settlement judge.

(p) **Use of the Voluntary Dispute Resolution Program:**

The parties do not believe VDRP is appropriate in this case.

(q) **Other matters**:

Counsel for the government has been advised that the Robertsons have stopped making payments on the promissory note. Under these circumstances, the United States intends to seek an stipulation permitting the interlocutory sale of the property. If the parties will not stipulate, the United States will seek an order from this court permitting a sale. Upon the sale of the property the net proceeds will be substituted as the <u>res</u> in this action. Because the United States disputes that the lienholders are innocent owners within the meaning of 18 U.S.C. § 983(d),

//
//

1  their claims would not be paid out of escrow.  Those funds would
2  also be substituted as the <u>res</u> in this action.

4  DATED: Sept. 7, 2007                McGREGOR W. SCOTT
                                       United States Attorney

                              By:      /s/ Kristin S. Door
                                       KRISTIN S. DOOR

9  DATED: Sept. 7, 2007                BLACKMON & ASSOCIATES

                              By       /s/ Melinda J. Nye
                                       MELINDA J. NYE
                                       Attorney for claimant
                                       Peter Buchanan

14 DATED: Sept. 7, 2007                /s Brenda Grantland
                                       BRENDA GRANTLAND
                                       Attorney for claimants
                                       Kurt and Monica Karst
                                       Individually and as the
                                       Trustees of the Karst Family
                                       Revocable Trust

**ORDER**

    For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until March 15, 2008.  The parties will advise the court at least 10 days prior to March 15, 2008, whether a further stay is necessary.

    The scheduling conference scheduled for September 17, 2007 is hereby vacated.

IT IS SO ORDERED.

Dated: September 10, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT