```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTY LOCATED AT 6874 ALMANOR LAKE ESTATES DRIVE, LAKE ALMANOR, CALIFORNIA, PLUMAS COUNTY, APN: 106-114-011, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, <br><br> Defendant. | 2:07-CV-00974 LKK/KJM <br><br> STIPULATION TO EXTEND STAY AND ORDER |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTY LOCATED AT 1066 EATON ROAD, CHICO, CALIFORNIA, BUTTE COUNTY, APN: 007-250-088, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, <br><br> Defendant. | 2:07-CV-00975 LKK/KJM |

//

//

1

```
                                    )
UNITED STATES OF AMERICA,           )
                                    )    2:07-CV-001039 LKK/KJM
            Plaintiff,              )
                                    )
      v.                            )
                                    )
REAL PROPERTY LOCATED AT 3077       )
NORD AVENUE, CHICO, CALIFORNIA,     )
BUTTE COUNTY, APN: 042-050-047,     )
INCLUDING ALL APPURTENANCES AND     )
IMPROVEMENTS THERETO,               )
                                    )
            Defendant.              )
_____)
```

Plaintiff United States of America, and the claimants in the three cases described above (Peter Buchanan, Kurt and Monica Karst, individually and as the trustees of the Karst Family Revocable Trust, and Bank of America in the Almanor Lakes Estates action; James and Tamara Robertson, Peter Buchanan, and Kurt and Monica Karst in the Eaton Road action; and Peter Buchanan and Paris and Arlus Moore in the Nord Avenue action) submit the following Stipulation to Extend Stay and Order (Proposed). The Stipulation to Extend Stay is based upon the following:

 1. The actions described in the captions above are all related and are related to two other forfeiture actions involving personal property: U.S. v. 2001 Ford Excursion et al., 2:07-2050 LKK/KJM, and U.S. v. 2004 Honda ATV, et al., 2:07-2124 LKK/KJM. A Related Case Order was entered on November 8, 2007.

 2. A stay was entered in U.S. v. 2001 Ford Excursion et al., 2:07-2050 LKK/KJM, and U.S. v. 2004 Honda ATV, et al., 2:07-2124 LKK/KJM until August 1, 2008, pursuant to the stipulation of the parties in those two actions due to an on-going criminal investigation involving claimants (other than lienholders Bank of America and Paris and Arlus Moore).

2

1      3.   The parties in the three real property forfeiture
2 actions request that these actions also be stayed until August 1,
3 2008, since they are all related and arise out of the same
4 criminal investigation.
5      4.   18 U.S.C. § 981(g)(1) expressly provides that upon
6 motion of the United States the court "shall stay the civil
7 forfeiture action if the court determines that civil discovery
8 will adversely affect the ability of the government to conduct a
9 related criminal investigation."  Similarly, 18 U.S.C. §
10 981(g)(2) expressly provides that upon motion of a claimant, the
11 court shall stay the civil forfeiture action if the court
12 determines that a claimant is the subject of a related criminal
13 investigation; the claimant has standing to assert a claim in the
14 civil forfeiture action; and continuation of the forfeiture
15 proceeding will burden the claimant's right against self-
16 incrimination.
17     5.   The United States contends that the defendant real
18 properties were used to facilitate the cultivation of marijuana
19 and are therefore forfeitable to the United States.  The United
20 States intends to depose the claimants about the claims they
21 filed in this case and their involvement in the cultivation and
22 distribution of marijuana.  If discovery proceeds, claimants
23 would be placed in the difficult position of either invoking
24 their Fifth Amendment right against self-incrimination and losing
25 the ability to protect their alleged interest in the defendant
26 property, or waiving their Fifth Amendment rights and submitting
27 to depositions and potentially incriminating themselves in the
28 on-going criminal investigation.  If claimants invoke their Fifth

3

1  Amendment rights, the United States will be deprived of the
2  ability to explore the factual basis for the claims they filed in
3  this action and the defenses raised in their Answers.
4      6.   In addition, claimants intend to depose law enforcement
5  officers who were involved in the investigation that ultimately
6  led to searches at the defendant properties.  Allowing
7  depositions of these officers would adversely affect the ability
8  of the United States to conduct its related criminal
9  investigation.
10     7.   Accordingly, the parties contend that proceeding with
11 this action at this time has potential adverse affects on the
12 investigation and possible prosecution of the related criminal
13 case and/or upon claimants' ability to prove their claim to the
14 property and to contest the government's allegations that the
15 property is forfeitable.  For these reasons, the parties request
16 that this matter be stayed until August 1, 2008, so that all the
17 related cases are stayed during the same period.
18     8.   In addition, the parties in the <u>Almanor Lakes Estates</u>
19 action are actively involved in preparing a stipulation and
20 proposed order permitting the interlocutory sale of the property.
21 The stipulation and proposed order will be submitted to the court
22 as soon as the parties agree on the terms of the sale.  The
23 parties do not intend that the stay the parties are seeking in
24 //
25 //

4

1 | this Stipulation to Extend Stay will interfere in any way with
2 | the interlocutory sale.
3 |
4 | DATED: March 5, 2008                McGREGOR W. SCOTT
5 |                                     United States Attorney
6 |
7 |                               By:   /s/ Kristin S. Door
                                        KRISTIN S. DOOR
8 |                                     Assistant U.S. Attorney

9 | DATED: March 5, 2008                BLACKMON & ASSOCIATES
10 |
11 |                               By    /s/ Clyde Blackmon
                                        CLYDE BLACKMON
12 |                                    Attorney for claimant
                                        Peter Buchanan (as a
13 |                                    lienholder in Eaton Road and
                                        owner in Almanor Lake
14 |                                    Estates and Nord Avenue)
15 |
16 | DATED:    March 5, 2008             /s/ William G. Panzer
                                        WILLIAM G. PANZER
17 |                                    Attorney for claimants
                                        James M. Robertson and
18 |                                    Tamara Robertson (Eaton Road)
19 |
20 | DATED:    March 5, 2008             /s/ Brenda Grantland
                                        BRENDA GRANTLAND
21 |                                    Attorney for claimants
                                        Kurt and Monica Karst
22 |                                    Individually and as the
                                        Trustees of the Karst Family
23 |                                    Revocable Trust (as
                                        lienholders in Eaton Road and
24 |                                    owners in Almanor Lakes
                                        Estates)
25 |
26 | //
27 | //
28 |

5

| | |
|---|---|
| DATED: March 5, 2008 | JACOBS, ANDERSON, POTTER & CHAPLIN, LLP |
| | |
| | By /s/ Douglas B. Jacobs |
| | DOUGLAS B. JACOBS |
| | Attorney for claimants Arlus and Paris Moore (Lienholder in <u>Nord Avenue</u>) |
| | |
| DATED: March 5, 2008 | PITE DUNCAN LLP |
| | |
| | By /S/ Steven J. Melmet |
| | STEVEN J. MELMET |
| | Attorney for claimant Bank of America (lienholder in <u>Almanor Lakes</u>) |

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until August 1, 2008, 2008. The parties will advise the court at least 10 days prior to August 1, 2008, whether a further stay is necessary.

IT IS SO ORDERED.

Dated: March 7, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT